IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUSAN YEALEY,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

ORDER

16-cv-418-slc

---

On June 19, 2017, the court issued an opinion and order remanding this case for further proceedings before an administrative law judge, pursuant to sentence four of 42 U.S.C. § 405(g). *See* dkts. 13 & 14. On August 17, 2017, the court accepted the parties' stipulation on fees under the Equal Access to Justice Act and awarded plaintiff attorneys' fees in the amount of $6,016.60. *See* dkts. 16-18. After the case was remanded, the agency found plaintiff disabled as of March 1, 2008 and entitled to an award of past-due benefits, but withheld 25 percent of plaintiff's award ($24,717.50) for payment of attorney fees. Dkt. 19, Exh. 2. Plaintiff's attorney, Dana Duncan, now seeks approval under 42 U.S.C. § 406(b) of fees in the amount of $9,200 for work performed in federal court, pursuant to his 25% contingency fee agreement with plaintiff. Dkt. 20. The amount sought by Duncan represents the 25% of back benefits withheld, less the EAJA fee previously awarded, less $9,500.90 in fees for work performed at the administrative level.[1] The commissioner has indicated that she does not object to the amount of fees sought.

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration ("SSA"); § 406(b) controls fees for

---

[1] Duncan has petitioned the agency for an award of fees in connection with his work before the agency.

representation in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). The statute provides for a "reasonable fee" not to exceed 25% of the past-due benefits awarded to the claimant. *Id*. at 795 (citing 42 U.S.C. § 406(b)(1)(A)). Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government. *Id*. Where, as here, the attorney was previously awarded fees from the government under the EAJA, the EAJA award offsets the allowable fee under § 406(b). *Id*. at 796. Thus, where attorney's fees are awarded under both § 406(b) and the EAJA, the attorney is entitled to keep the larger fee but must return the smaller fee to the claimant. *Id*.

In *Gisbrecht*, the Supreme Court found nothing in the text or history of § 406(b) to suggest that Congress intended to displace contingent-fee agreements "as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but only that it wanted courts to serve as "an independent check" to ensure that such agreements "yield reasonable results in particular cases." *Id*. In assessing this reasonableness, said the Court, lower courts should not use the lodestar method used for assessing fees against the losing party but rather should determine whether "the fee sought is reasonable for the services rendered," taking into account factors such as the character of the representation, results achieved, any attorney-created delay, and whether the award would be a "windfall" for the attorney. *Id*. at 806-08.

The fee requested by Attorney Duncan in this case is reasonable. Duncan is an experienced social security attorney who obtained excellent results for his client, securing a stipulated remand that ultimately led to a monthly benefit award to plaintiff of $1,147 and past-due benefits of nearly $100,000, not to mention Medicare eligibility. Duncan's hourly rate when the EAJA and § 406(b) requests are combined translates to approximately $600, which is not outside the range of awards

granted in similar cases. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded representative fees that reflect hourly rates as high as $400 to $1,500). Moreover, as in all social security cases, there was a high risk that Duncan would recover nothing. *See Martinez v. Astrue*, 630 F.3d 693, (7th Cir. 2011) (discussing a study finding 65.05% of Social Security appeals resulted in an affirmance of the denial of benefits). Accordingly, the court will grant Duncan's motion for attorney fees in the amount of $9,200.

ORDER

It is ORDERED that plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b), dkt. 19, is GRANTED. The court approves a representative fee award of $9,200.00 to be payable to plaintiff's attorney, Dana Duncan, out of plaintiff's past-due benefits.

Entered this 25th day of September, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge